# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JONES & WERT CONSTRUCTION SPECIALTIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> STRAUB CONSTRUCTION, INC., <br><br> Defendant. | CASE NO. 10CV1415 JLS (RBB) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** <br><br> (ECF No. 26) |

  Presently before the Court is Defendant Straub Construction, Inc.'s ("Defendant," or "Straub") Motion to Dismiss For Failure to State a Claim for Which Relief Can Be Granted. (ECF No. 26). Also before the Court is *qui tam* relator Jones & Wert Construction Specialties, Inc.'s ("Relator," or "J&W") response in opposition, (Resp. in Opp'n, ECF No. 30), and Straub's reply in support, (Reply in Supp., ECF No. 32). The United States of America, which declined to intervene in this suit, has nonetheless filed a Statement of Interest Concerning Defendant's Motion to Dismiss, (Statement of Interest, ECF No. 29), which is also before the Court.

  The motion hearing set for February 28, 2013 was vacated and the matter taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having considered the parties' arguments and the law, the Court

**GRANTS IN PART** and **DENIES IN PART** Straub's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** J&W's complaint.

## BACKGROUND

J&W brings this action against Straub under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, based on Straub's conduct as a general contractor on two military construction projects—the Nellis Air Force Base Aircraft Maintenance project ("Nellis Project") and the Fort Hunter Liggett Army Reserve Center project ("Hunter Liggett Project"). J&W contends that Straub concealed from the Army Corps of Engineers several unauthorized changes to building plans and falsely and misleadingly certified that its work was in accord with approved contract terms in order to receive payment.

J&W filed this action under seal on July 7, 2010 and the complaint was subsequently served on the United States Attorney General on September 23, 2010. This Court granted five requests for extension of time for the United States to decide whether or not to intervene in this litigation. On August 28, 2012, the United States filed notice of its election to decline intervention. The case was unsealed on the same day.

Significantly, J&W also filed a prior suit against Straub in this district pursuant to the Miller Act, 40 U.S.C. § 3131 *et seq.*, on October 8, 2009. J&W's Miller Act suit rested on similar allegations arising from Straub's work on the Nellis and Hunter Liggett projects. J&W and Straub resolved the initial suit and the parties filed a joint motion to dismiss on June 14, 2011. The motion was granted, and the case closed, on June 15, 2011.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be

---

[1] The Court **GRANTS** Straub's request for judicial notice of three documents from the prior suit, namely, the complaint, the joint motion to dismiss with prejudice, and the court's order dismissing the case with prejudice.

granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677(citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

1   Moreover, "for a complaint to be dismissed because the allegations give rise
2   to an affirmative defense[,] the defense clearly must appear on the face of the
3   pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).
4   The Court will grant leave to amend unless it determines that no modified contention
5   "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v.*
6   *Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber*
7   *Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

9   Straub moves for dismissal on the ground that (1) J&W's *qui tam* claim is
10  barred by res judicata because a final judgment on the merits was reached in the
11  previous suit; and, (2) J&W fails to allege facts regarding Straub's purported fraud
12  with the particularity required by Rule 9(b).  The Court addresses each argument in
13  turn.

### 1. Res Judicata

15  "'The doctrine of res judicata provides that a final judgment on the merits bars
16  further claims by parties or their privies based on the same cause of action,' and 'is
17  central to the purpose for which civil courts have been established, the conclusive
18  resolution of disputes within their jurisdiction.'" *Headwaters Inc. v. U.S. Forest*
19  *Serv.*, 399 F.3d 1047, 1051–52 (9th Cir. 2005) (quoting *In re Schimmels*, 127 F.3d
20  875, 881 (9th Cir. 1997)).  "The elements necessary to establish res judicata are: '(1)
21  an identity of claims, (2) a final judgment on the merits, and (3) privity between
22  parties.'" *Id.* (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning*
23  *Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

24  Due to the unique characteristics of *qui tam* litigation, however, the resolution
25  of a private suit never, or rarely, precludes a subsequent *qui tam* action.  *See United*
26  *States ex. rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) ("[T]he
27  outcome of a private employment suit never precludes a *qui tam* action (or a False
28  Claims Act suit directly by the United States)."); *United States ex. rel. Laird v.*

*Lockheed Martin Eng'g and Sci. Services Co.*, 336 F.3d 346, 357 (5th Cir. 2003), *abrogated on other grounds by Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 472 (2007).  Persuasive authority indicates that this outcome follows from the "special status" of the United States in a *qui tam* action.  *See Lusby*, 570 F.3d at 852.  The United States is always a "real party in interest" in a *qui tam* suit, regardless of whether it chooses to intervene in the litigation.  *Id.* ("It would be inappropriate to snuff out [the federal government's interest] just because a potential relator thoughtlessly omitted a *qui tam* claim from a personal suit.").

Moreover, *qui tam* litigation is governed by unique statutory requirements, which make it difficult, if not impossible, to combine a *qui tam* action with a personal action.  *See id.*; *Laird*, 336 F.3d at 359–60.  For example, the False Claims Act provides that a relator's complaint must be filed *in camera* and remain under seal for at least 60 days to permit the Government to investigate a relator's allegations and to make an informed decision as to whether to intervene in the suit.  *See* 31 U.S.C. § 3730(b)(2).  The False Claims Act also allows the Government to exercise ultimate control over the suit, regardless of whether it intervenes in the litigation.  *See id.* at §§ 3730(b)(1), (c)(2)(A).  These procedural differences suggest that a potential relator's decision to split a personal claim and a *qui tam* claim "should be respected," even if the two claims arise from the same nucleus of operative fact and constitute the same cause of action.  *See Lusby*, 570 F.3d at 853.

Here, Straub contends that J&W's prior action against Straub pursuant to the Miller Act precludes J&W from bringing this *qui tam* action.  According to Straub, J&W's Miller Act suit arose from the same nucleus of operative fact as its *qui tam* claim and ended in a final judgment on the merits after the parties filed a joint motion to dismiss with prejudice.

J&W's Miller Act claim does not bar this action, however, because the United States is a real party in interest here.  The Government's interest should not be "snuffed out" based on J&W's conduct in the previous suit, over which the

Government had no control. *See Lusby*, 570 F.3d 852. Furthermore, J&W could not have reasonably combined its *qui tam* claim with its Miller Act claim and its decision to split the two claims is defensible.[2]

Straub contends that the status of the United States as a real party in interest is irrelevant here because the United States has decided not to intervene in this litigation. According to Straub, a dismissal with prejudice on the basis of res judicata would only bar J&W from proceeding with this action and would not affect the United States, such that the Government could file a subsequent action against Straub under the False Claims Act if it wished to do so.

Straub's argument fails because the United States is "'bound by the judgment in all FCA actions, regardless of its participation in the case.'" *Lusby* 570 F.3d at 853 (quoting *U.S. ex. rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 936 (2009)). A dismissal with prejudice as to J&W on the basis of res judicata would preclude subsequent suits by the Government or other potential relators. *See id.* Such an outcome would be improper in light of the Government's inability to participate in, or prevent the resolution of, J&W's original Miller Act suit. *See id.* Accordingly, the Court **DENIES** Straub's motion to dismiss the complaint on the basis of res judicata.[3]

---

[2] Indeed, the United States took more than two years to complete its investigation in this case, far more than the 120-day limit set forth in Federal Rule of Civil Procedure 4(m) for service of the summons and complaint. *See Lusby*, 570 F.3d at 852.

[3] This outcome appears to be consistent with the Ninth Circuit's analytical framework for evaluating a relator's *pre*-filing release of a False Claims Act claim. *See U.S. ex. rel. Hall v. Teledyne Wah Chang Albany*, 104 F.3d 230, 233 (9th Cir. 1997); *U.S. ex. rel. Green v. Northrop Corp.*, 59 F.3d 953, 966 (9th Cir. 1995). This framework, which has been adopted by other circuits, *see e.g., United States v. Purdue Pharma L.P.*, 600 F.3d 319, 329–33 (4th Cir. 2010), indicates that a *qui tam* action is barred by a pre-filing release only when the Government has been previously informed of, and has had an opportunity to investigate, the relator's allegations of fraud. Thus, when the Government initially learns about fraud allegations from a relator's complaint, a release is not enforceable.

A *post*-filing settlement and release resulting in a dismissal with prejudice in a concurrently litigated breach-of-contract suit arising out of the same facts and circumstances as the *qui tam* action implicates a different set of interests. Here, the outcome turns not on the Government's mere awareness of the fraud allegations, but

**2. Rule 9(b)**

Federal Rule of Civil Procedure 9(b) provides that "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." This heightened pleading standard for allegations of fraud applies to False Claims Act claims. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

A complaint alleging violation of the False Claims Act must provide the "who, what, when, where, and how" of the fraud. *See Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). In particular, the complaint must provide detailed information regarding actual false claims submitted to the Government. It is not sufficient to allege that a contract or regulation has been violated without alleging an objectively false or fraudulent claim or its attendant circumstances. *See U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1057 (9th Cir. 2011).

Here, J&W maintains that Straub installed defective anchor rods and made various other unauthorized changes during work on the Nellis Project that "severely diminished" the "seismic, cosmetic, and structural integrity" of the project and fell substantially short of contract specifications. Similarly, with respect to the Hunter Liggett Project, J&W alleges that Straub installed concrete walls of improper dimension and, instead of reconstructing its walling system, chose to improvise the remainder of the building by utilizing substandard structural steel support and weakening rebar reinforcement.

J&W's complaint also includes general allegations that Straub failed to inform the Army Corps of Engineers of these "material and structural deviations" from the

---

rather on the impropriety of binding the Government through the resolution of a private suit over which it had no control.

Indeed, the Government typically has the right to block a relator's resolution of a *qui tam* action so long as the complaint remains under seal and the Government has yet to complete its investigation. *See United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 723–24 (9th Cir. 1994) (interpreting 31 U.S.C. § 3730(b)(1)). It would appear to be inconsistent with this statutory right to give res judicata effect to a relator's settlement and dismissal of a concurrently filed private suit negotiated without the Government's knowledge or consent and before the unsealing of the case.

approved building plans and instead "present[ed] . . . claims to the United States to be paid while representing that the [projects] had been completed in accordance with plans and specifications."

J&W's fraud allegations are inadequate under Rule 9(b). Although J&W makes specific allegations regarding Straub's failure to comply with contract terms, J&W offers no facts or details regarding Straub's purported submission of false claims to the Government, the "*sine qua non*" of a False Claims Act claim. *U.S. ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002). J&W must plead with particularity "if or when any actual improper claims were submitted" to the Government, *see Cnty. of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1037 (N.D. Cal. 2006), or at least allege the specific details of a fraudulent scheme together with some indicia of reliability supporting a conclusion that false claims were actually submitted to the Government, *see Ebeid* at 998–99. It is insufficient to plead regulatory or contract violations and simply assume that false claims were presented.

Moreover, J&W's contention that it needs discovery to obtain information regarding the nature and timing of Straub's false claims lacks merit. Plaintiffs alleging fraud must comply with Rule 9(b) upon the filing of the complaint and are not entitled to proceed to discovery to satisfy this basic pleading requirement. *See Clausen*, 290 F.3d at 1313 n.24.

Accordingly, the Court **GRANTS** Straub's motion to dismiss for failure to meet the heightened pleading requirements of Rule 9(b). The Court **DISMISSES WITHOUT PREJUDICE** J&W's complaint.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES**

///

///

///

1 | **IN PART** Straub's motion to dismiss and **DISMISSES WITHOUT PREJUDICE**
2 | J&W's complaint.  J&W may file an amended complaint curing the noted
3 | deficiencies within 14 days of the date that this Order is electronically docketed.
4 | **IT IS SO ORDERED.**

6 | DATED:  September 12, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge